# SUPREME JUDICIAL COURT

FOR THE

COUNTY OF ESSEX, NOVEMBER TERM 1832, AT SALEM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM,
Hon. SAMUEL S. WILDE, } Justices.
Hon. MARCUS MORTON,

---

## Daniel A. White, Judge &c., *versus* Nathan Webster *et al.*

Until the estate of a testator is settled, the residuary legatee is not legally entitled to demand a balance remaining in the hands of the executor after the settlement of an administration account.

Thus, where an executor settled an administration account showing a balance, consisting partly in money and partly in notes uncollected, remaining in his hands after payment of all the legacies which had then become payable, and all the debts known to be due, and the residuary legatee, previously to the expiration of four years from the appointment of the executor, demanded such balance, except so much thereof as might be required to pay the remaining legacies and a certain sum to meet contingencies, and offered to receive the uncollected notes, it was *held* that the executor might legally refuse to comply with the demand.

This was an action of debt upon a bond, given by the defendants, Nathan Webster and John Varnum, for the faithful performance of their duties as executors of the will of David Webster. The action was brought in the name of the judge of probate, for the benefit of John March and others, named in the will as trustees.

Upon a case stated it appeared, that the testator made his will on July 12, 1827, and that it was proved on November 4, 1828. Nathan Webster and Varnum were then appointed executors and gave the bond declared on ; and March and others, on the same day, accepted the trust conferred on them by the will.

The testator gives to his widow the use and income of all his real estate and of certain personal estate, during her life. He also gives her 1000 dollars. He then gives to his nephew, Jonathan Webster, the reversion of his homestead farm and of other real estate, and certain personal estate, on condition that the devisee pay to D. W. Blunt 200 dollars, and to S. W. Merrill 200 dollars, in one year after the decease of the testator's widow. After other devises and bequests, the testator gives to the trustees, March and others, for the purposes specified in the will, two parcels of land &c., and 2000 dollars in money, 1000 to be paid within one year after his decease, and 1000 within one year after the decease of his wife ; also all the residue and remainder of his personal estate, after the payment of his just debts, legacies, funeral expenses, and expenses of settling his estate.

On August 14, 1829, the executors paid to the trustees 1000 dollars, as and for the first payment of the legacy of 2000 dollars.

On August 17, 1830, the executors settled their second administration account, wherein a certain sum was allowed them for their services then rendered in settling the estate, and there was a balance remaining in their hands of $ 5958, they having paid all the funeral expenses, and all the debts known to be due from the estate, except one or two small accou.⁕⁕, and all the legacies, except one of $ 200 to D. W. Blunt and one of $ 200 to S. W. Merrill, provided by the will to be paid by Jonathan Webster, and except $ 1000, part of the $ 2000, given to the trustees. The above balance had been received by the executors in money, except about $ 600 for which they held notes.

The real estate given to Jonathan Webster was worth more than $ 4000, and he accepted the devise.

White
v.
Webster.

On October 18, 1830, March, in behalf of the trustees, demanded of the executors the balance of their account as stated August 17, 1830, after deducting $1400 for legacies yet unpaid and $500 for future contingencies, and offered to take on account of such balance any notes that might then remain uncollected, indorsed by the executors without recourse to them ; with which demand the executors refused to comply.

The executors claim a right to retain the amount of the two legacies for $200 each, to secure themselves on account of their liability to pay them in case Jonathan Webster should fail to pay them at the time of their becoming due. They also claim a right to retain as well the residuary legacy, as the remaining $1000, given to the trustees, until one year after the widow shall have deceased, she being yet living.

The trustees claim a right to have the balance paid over to them immediately, except enough to pay the unsettled accounts, and except the $1000.

*Nov. 9th,*
1831

The case was argued by *Choate,* for the plaintiff, and *Saltonstall* for the defendants.

*Nov. 8th,*
1832.

*Per Curiam.* The first question on this statement is a question of strict law, namely, whether the facts stated prove a breach of the defendant's bond. Sureties are liable only upon the default of the executors, in performing the duties imposed on them by law. A very different rule may apply when the parties come to a hearing in equity, after a breach of the bond, and a forfeiture of the penalty. In the present case, the Court are of opinion, that no forfeiture of the bond is shown. It is a general rule in the construction of the statute of this commonwealth regulating proceedings upon a probate bond, that no action will lie on the bond, to enforce the payment of any legacy or bequest, until a demand has been made on the executor, after the legal right to payment has accrued. In the present case the executors were not bound to comply with the demand made upon them in August 1830, because the estate had not then been settled. There were notes in their hands then remaining unpaid, and the executors were under no legal obligation to give them to the trustees uncollected. The four years allowed by law for the presentation of claims against the estate had not expired, and

there might have been claims which the executors would have been liable to pay and of which they had no knowledge. Under the circumstances of the case it might have been reasonable for them to have entered into the arrangement proposed by the trustees, but they were not obliged by law to do so, and their non-compliance with the demand was no breach of their bond.